### UNION PAVING CO. to Use of UNITED STATES CAS. CO. v. THOMAS et al.

### Civ. A. No. 8549 of 1948.

United States District Court
E. D. Pennsylvania.

May 17, 1950.

See also 103 F.Supp. 408.

Raymond A. White, Jr., Philadelphia, Pa., for plaintiff.

Edwin S. Heins, Philadelphia, Pa., for defendant.

Raymond A. White, Jr., Walter B. Gibbons, Philadelphia, Pa., for third-party defendants.

WELSH, District Judge.

As the result of an accident, one Jeremiah M. Downey brought suit and obtained a judgment against the Union Paving Company, the plaintiff herein. Subsequently, the plaintiff instituted the present action against the defendants, W. Carroll Thomas and John Caputo, individually and trading as C. & T. Construction Company, on the theory that it is entitled to be indemnified for its loss in the Jeremiah M. Downey suit by virtue of an alleged indemnity provision of a contract entered into between it and the defendants. The defendants in due course filed a motion to dismiss, and the Court in an opinion filed November 10, 1949 denied said motion. At the same time, the Court granted defendants' application for leave to join the two insurance carriers, United States Casualty Company and Liberty Mutual Insurance Company, and plaintiff's application for leave to amend the complaint with respect to notice to defendants of the Jeremiah M. Downey v. Union Paving Company suit.[1] The defendants, pursuant to leave granted by the Court, joined United States Casualty Company and Liberty Mutual Insurance Company by filing a third-party complaint against each. Thereafter, the Liberty Mutual Insurance Company filed a motion to dismiss the third-party complaint against it on the ground that it fails to state a claim upon which relief can be granted. It is this latter motion which is presently before the Court for disposition.

The third-party complaint avers that the failure of Liberty Mutual Insurance Company to intervene or participate in the Jeremiah M. Downey v. Union Paving Company suit on behalf of the present defendants eliminated from said Jeremiah M.

---

1. As finally amended the complaint included United States Casualty Company as use-plaintiff.

Downey suit the determination of the liability of said present defendants for the injuries to said Jeremiah M. Downey. It is further averred in the third-party complaint that had Liberty Mutual Insurance Company not so failed, the present defendants might have been found responsible for the injuries to Jeremiah M. Downey, and said Liberty Mutual Insurance Company, the present defendant's insurer, would have had to pay the Jeremiah M. Downey judgment and that would have been the end of the matter. However, Liberty Mutual Insurance Company did fail to intervene or participate in the Jeremiah M. Downey suit, and now instead of the matter ending as aforesaid, the present defendants, it is finally averred, are faced with, in the present suit, the possibility of having it adjudged that they are responsible for the payment of the Jeremiah M. Downey judgment to the plaintiffs in accordance with an alleged indemnity provision in a contract entered into between them and the Union Paving Company.

The foregoing averments constitute the defense of equitable estoppel and would be a proper defense against the complaint and amended complaint filed by the plaintiffs herein. As a matter of fact, it has been pleaded by the defendants in their answer to the complaint and amended complaint and will be determined at the trial. However, the defense of equitable estoppel has no application in the present third-party proceeding brought by the defendants against Liberty Mutual Insurance Company.

It will be seen that the within complaint and amended complaint are based on an alleged indemnity agreement between the present defendants and Union Paving Company. Said complaint and amended complaint are not predicated upon negligence for no acts of negligence are averred therein. If plaintiffs obtain a judgment against the defendants herein it must necessarily be based on a finding that the alleged indemnity agreement under all the facts and circumstances is in fact an indemnity agreement. Obviously, if such a finding is made against the defendants, said defendants cannot call upon Liberty Mutual Insurance Company, their insurer, to pay the judgment because the defendants do not have that kind of insurance coverage with the Liberty Mutual Insurance Company. Liberty Mutual Insurance Company insured the defendants against judgments obtained against them on account of their negligence or the negligence of their servants, agents and employees. It did not insure them against a possible judgment against them by virtue of an alleged indemnity agreement they entered into with the Union Paving Company. We do not think that an insurance company which issues a policy designed to protect the insureds against their negligence or the negligence of their servants, agents and employees is responsible for an alleged indemnity agreement entered into between said insureds and a third party.

The defendants object to the fact that if the Court grants the motion to dismiss the third-party complaint against Liberty Mutual Insurance Company said Liberty Mutual Insurance Company—although it insured the defendants in an amount in excess of the Jeremiah M. Downey judgment —might be compelled to pay at most only one-half of said Jeremiah M. Downey judgment. This might be so, argue the defendants, because of another suit instituted by Union Paving Company against the defendants for contribution as joint tortfeasors—wherein the defendants are represented by counsel for Liberty Mutual Insurance Company. The objection, we think, is not material. It seems to us that the reason for defendants' objection is that the insurance company is profiting at their, the defendants', expense. However, it may very well be that the Union Paving Company will not succeed in the present suit for one reason or another and the defendants will escape without incurring any real financial loss.

In view of the foregoing discussion, we conclude that the third-party complaint against Liberty Mutual Insurance Company fails to state a claim upon which relief can be granted.

Accordingly, the third-party defendant's motion to dismiss the third-party complaint is granted. An order pursuant to the foregoing opinion will be entered.